IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG 2 1 2015

ARTHUR JOHNSTON
BY _____ DEPUTY

RICKEY THOMPSON and
RENCIE FELLS                                          **PLAINTIFFS**

VS.                           CAUSE NO. 3:15cv620 CWR - FKB

ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI, LEE COUNTY
DEMOCRATIC PARTY EXECUTIVE
COMMITTEE and LEE COUNTY
ELECTION COMMISSION                                   **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

This is an action to recover injunctive relief, declaratory relief, and nominal damages for

violation of the Fourteenth Amendment to the United States Constitution and to permit Plaintiff

Thompson to be listed on the ballot as the Democratic nominee in the November 4, 2015 general

election for the office of Justice County Judge, District 4 of Lee County, Mississippi.  This action

turns upon an interpretation of the United States Constitution, Amendment Fourteen, Equal

Protection Clause, the Voting Rights Act of 1965, and of 42 U.S.C. § 1981, thus presenting a federal

question and giving this Court jurisdiction under 28 U.S.C. § 1331.  The action is also brought for

a violation of Plaintiffs' civil rights, giving this Court jurisdiction under 28 U.S.C. § 1343.  The

action is authorized by 42 U.S.C. § 1983.  At all relevant times, all Defendants acted under color of

state law. This Complaint also makes a state law claim, over which this Court has supplemental

jurisdiction under 28 U.S.C. § 1367.  The following facts support the action.

00288068.WPD

1.

Plaintiff RICKEY THOMPSON is a black adult resident citizen of Shannon, Mississippi. Plaintiff Thompson is the first and only black person to be elected Justice Court Judge in Lee County, Mississippi. He was first elected to the position of Justice Court Judge, District 4 of Lee County, Mississippi, and he assumed that office on January 1, 2004. His election followed a redistricting in Lee County, Mississippi, during which District 4 of Lee County, Mississippi became a predominantly black district. Plaintiff Thompson was reelected in 2007 to a second term, and re-nominated for a third term in the August 2015 primary election, by receiving fifty-five percent (55%) of the vote in a race in which there were five (5) candidates on the Democratic ballot. Nevertheless, Defendants have a present intent not to list Plaintiff Thompson as the Democratic nominee on the November general election ballot.

Plaintiff RENCIE FELLS is a black voter of Judicial District 4 of Lee County, Mississippi. The actions complained of dilute Plaintiff Fells' vote.

2.

Defendant ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI is charged, under the laws of the State of Mississippi, with enforcing both the Constitution of the United States and the Constitution of the State of Mississippi, and other laws of the State of Mississippi. He is also charged with the responsibility of advising governmental officials, to include members of the Lee County Democratic Party Executive Committee and the Lee County Election Commission of the law. Representatives of the Attorney General's office have advised the Lee County Democratic Party Executive Committee and/or the Lee County Election Commission that Plaintiff Thompson should not be listed on the November 2015 ballot.

Defendant LEE COUNTY DEMOCRATIC PARTY EXECUTIVE COMMITTEE administers elections for Democratic county offices in Lee County, Mississippi. The Committee is in need of a declaratory judgment to determine whether or not Plaintiff Thompson is entitled to be on the November 2015 ballot. Absent such declaratory judgment, the Lee County Democratic Executive Committee will select a person other than Plaintiff Thompson as the Democratic nominee for the Justice Court nominee.

Defendant LEE COUNTY ELECTION COMMISSION is responsible for determining the qualifications of candidates for the November general election in Lee County, Mississippi. The Lee County Election Commission intends to follow the advice of Defendant Attorney General, and not list Plaintiff Thompson unless this Court enjoins it to the contrary.

3.

The Attorney General's advice to disqualify Plaintiff Thompson was given from Jackson, Mississippi. Venue is, therefore, proper in the Northern Division of the Southern District of Mississippi.

4.

Plaintiff Thompson has requested the Mississippi Attorney General to advise the appropriate "legal entities" that Plaintiff Thompson is qualified to be a candidate in the November general election through the letter attached hereto as Exhibit "A." Defendant Attorney General has refused to follow the request made in the letter. To the contrary, his representative has advised the Lee County Democratic Party Executive Committee that Plaintiff Thompson should not be listed on the ballot. The Attorney General has, thus, violated the Voting Rights Act of 1965, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1981, and Miss. Const. § 171.

5.

Because he is the first black person elected judge in Lee County, Mississippi, Plaintiff Thompson was determined to set a record as an industrious, progressive, and impartial judge, and to do his best to better the lives of all persons with whom he came into contact. Plaintiff Thompson has made all of his judicial decisions in accordance with the law, as he understood it. He confesses, however, that like all Justice Court Judges, because of his lack of training as a lawyer, he sometimes makes legal errors.

6.

Since taking office as the first black person elected Justice Court Judge in Lee County, Mississippi, Plaintiff Thompson has suffered from intentional racial harassment from influential white person who do not want a black person, who will make independent judicial decisions, rather than accept directions from white sheriff's deputies and white justice court clerks as to the proper judicial ruling. The race-based harassment became worse after June 2009, when Plaintiff Thompson found a black criminal defendant, accused of a misdemeanor by white sheriff's deputies, to be not guilty. Following this finding of not guilty, the sheriff, who is white, criticized Plaintiff Thompson's decision and directed that in the future no further criminal defendants would be brought before Plaintiff Thompson. This infringed upon the rights of all citizens of Lee County to a fair and impartial trial and practically assured that all black criminal defendants would be found guilty in Justice Court.

7.

Other racial harassment has included such matters as: deputies refusing to serve warrants issued by the Plaintiff Thompson; deputies refusing to bring criminal defendants before Plaintiff Thompson for arraignment and initial appearance; deputies gathering *en masse* to intimidate Plaintiff

Thompson while Plaintiff Thompson was holding a contempt hearing with respect to a white deputy; a Justice Court Clerk's refusing Plaintiff Thompson access to justice court files; refusal of some of the white Justice Court Judges to refer criminal defendants to the drug court presided over by Plaintiff Thompson; and repeated complaints to the Mississippi Judicial Performance Commission about Plaintiff Thompson's handling of judicial matters.  Third-parties have witnessed some of this harassment, and their reports are attached hereto as Exhibits "B," "C" and "D."

8.

Because of racial bias, influential white persons have initiated numerous charges against Plaintiff Thompson before the Mississippi Judicial Performance Commission.  Some of these charges involved actions identical or nearly identical to actions taken by white judges, against whom these white persons made no complaints to the Mississippi Judicial Performance Commission.  The extensive pattern of charges resulted in the Mississippi Judicial Performance Commission recommending Plaintiff Thompson be removed from office, and the Mississippi Supreme Court did, in fact, remove him.  The final decision to remove Plaintiff Thompson from office became effective by the Mississippi Supreme Court by mandate issued on August 13, 2015.

9.

Plaintiff Thompson qualified as a candidate for Justice Court Judge, as he is entitled to do so pursuant to MISS. CONST. § 171, and became the winner of the Democratic primary election. However, Plaintiff was later removed from office and is now being advised that he is ineligible to remain on the general election ballot, even though Plaintiff Thompson meets all of the qualifications to run and hold office as set forth by MISS. CONST. § 171.

10.

Defendants intend to disregard MISS. CONST. § 171 based on MISS. CODE ANN. § 9-19-17 which adds an additional qualification by providing that one who has been removed from office is prohibited from holding judicial office.

11.

MISS. CODE ANN. § 9-19-17 was never pre-cleared by the Justice Department as required by Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973(b). A 1975 extension of the Voting Rights Act of 1965, was in effect in 1980, when MISS. CODE ANN. § 9-19-17 became effective. The pre-clearance requirements of the Voting Rights Act of 1965 have been adjudicated by the United States Supreme Court to be constitutional. *City of Rome v. United States*, 446 U.S. 156 (1980).[1] Because MISS. CODE ANN. § 9-19-17 (effective January 1, 1980) was not pre-cleared by the Justice Department, and because Congress required such pre-clearance as a condition of the validity of State statutes affecting voting in 1980, MISS. CODE ANN. § 9-9-17 is unenforceable.

12.

Because of a two hundred (200) year history of racial discrimination, black voters in Lee County, Mississippi are disinclined to accept the judgment of a white-dominated Mississippi Judicial Performance Commission that a particular person is unfit to hold office. Upon information and belief, no white person has ever been elected to the office of judge after having been removed from

---

[1] The Supreme Court's subsequent holding in *Shelby County, Ala. v. Holder*, ___ U.S. ___, 133 S.Ct. 2612 (2013), that the 2006 extension of the pre-clearance requirements of the Voting Rights Act is unconstitutional does not affect the holding in *Rome*, which addressed the validity of the pre-clearance requirements for the seven (7) year period after 1975.

office by the Mississippi Supreme Court. Thus, the provision of the Voting Rights Act prohibiting denial or abridgement of the right to vote on account of race has been violated.

13.

The Mississippi Judicial Performance Commission has tolerated, with no disciplinary action, far more serious acts of judicial misconduct for which Plaintiff Thompson has been found guilty. Neither the Mississippi Judicial Performance Commission nor the Mississippi Supreme Court ever took any disciplinary action against a white Mississippi Supreme Court justice who publicly announced that he never intended to cast his vote to reverse a criminal conviction so long as he served on the Mississippi Supreme Court. This justice served on the Mississippi Supreme Court for a total of eight (8) years, while never voting to reverse a criminal conviction, and publicly proclaiming that he would never cast such a vote. The white Mississippi Supreme Court justice, thus, intentionally violated the most fundamental duty of judicial office, which is to render impartial justice. Even a vow to be partial was insufficient to cause the Mississippi Supreme Court and the Mississippi Judicial Performance Commission to remove this justice from office or to attempt to remove him from office. The judicial removal statute is, thus, being enforced in a racially-discriminatory manner resulting in a discriminatory effect on the ability of black persons to hold the office of Justice Court Judge.

14.

MISS. CONST. § 171 is clear in stating that Plaintiff Thompson meets the constitutional requirements to hold the office of Justice Court Judge. Clear principles of law provide that a

constitutional provision trumps a state statute with respect to qualifications for candidates.[2]  Thus,

failure of the Attorney General to apply this clear principle of State law when the judge has been

removed from office is a black, independent-minded judge has a discriminatory effect on the black

race.

15.

The Mississippi Supreme Court removes a far higher proportion of Justice Court Judges from

office than other judges, and black persons occupy the office of Justice Court Judge in far greater

proportions than they occupy other judicial offices.   Thus, MISS. CODE ANN. § 9-19-17 has a

discriminatory effect on black persons.

16.

Besides violating the federal laws for the many reasons above described, Defendants' refusal

to place Plaintiff Thompson on the ballot violates state law.  Under Mississippi law, a state statutory

provision for qualifications for a Justice Court Judge cannot trump a constitutional provision.  In

MISS. CONST. § 171, the framers of the Mississippi Constitution exclusively prescribed the

requirements for holding the office of a Justice Court Judge.  MISS. CODE ANN. § 9-9-17 is

unenforceable under state law because it conflicts with MISS. CONST. § 171 for adding a qualification

(not having previously been removed from office) not contained in the Mississippi Constitution.

17.

---

[2]  See, for example, *Mississippi Com'n on Judicial Performance v. Darby*, 143 So.3d 564 (Miss. 2014)
(Dickerson J., concurring); *Montgomery v. Lowndes County Democratic Executive Committee*, 969 So.2d 1 (Miss.
2007); *Wynn v. State*, 7 So. 353 (Miss. 1890); Annotation: *Legislative power to prescribe qualifications for or
conditions of eligibility to constitutional office*, 34 A.L.R.2d 155 (1954).

The removal of Plaintiff Thompson from the ballot, as a result of MISS CODE ANN. 9-19-17, disenfranchises all persons who voted in support of Plaintiff Thompson, including, but not limited to, Plaintiff Fells.  Additionally, many persons voted for alternative candidates on the basis that Plaintiff Thompson would become ineligible if removed from office pursuant to MISS CODE ANN. 9-19-17.

### **REQUEST FOR RELIEF**

Plaintiff Thompson requests the following relief:

A.      That Defendants Mississippi Secretary of State and Attorney General will be enjoined to refrain from advising the Defendant Lee County Election Commission, and any other applicable legal entity, that it cannot list Plaintiff Thompson as a Democratic nominee for the office of Justice Court Judge in November 2015 general election;

B.      The Defendants Lee County Election Commission and Lee County Democratic Party Executive Committee will be enjoined to list Plaintiff Thompson as the Democratic nominee for Lee County, Mississippi, District 4 Justice Court Judge; and

C.      That Plaintiffs will be awarded reasonable attorneys' fees.

RESPECTFULLY SUBMITTED, this the 21st day of August, 2015.

RICKEY THOMPSON, Plaintiff

By: _____

Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS  38804-3955
Post Office Box 1357
Tupelo, MS  38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEY FOR PLAINTIFF

00288068.WPD                                    -10-