IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICKEY THOMPSON; RENCIE FELLS**                                                       **PLAINTIFFS**

**V.**                                                **CAUSE NO. 3:15-CV-620-JEG-DPJ-CWR-FKB**

**ATTORNEY GENERAL OF THE STATE**                                                     **DEFENDANTS**
**OF MISSISSIPPI; LEE COUNTY**
**DEMOCRATIC PARTY EXECUTIVE**
**COMMITTEE; LEE COUNTY**
**ELECTION COMMISSION**

## ORDER

The plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction claims that Mississippi Code § 9-19-17 violates § 5 of the Voting Rights Act, § 2 of the Voting Rights Act, and § 171 of the Mississippi Constitution. Docket No. 4. Of these, the latter two theories are pending before the undersigned.

**I.       Section 2 of the Voting Rights Act**

After reviewing the plaintiffs' briefing and evidence, the Court finds that they have not demonstrated a substantial likelihood of success on the merits of their § 2 claim. There is insufficient evidence that the "challenged election practice or procedure," § 9-19-17, will result "in an abridgement or denial of the right to vote *based on color or race*." *N.A.A.C.P. v. Fordice*, 252 F.3d 361, 366 (5th Cir. 2001) (emphasis added).

**II.      Section 171 of the Mississippi Constitution**

The plaintiffs' state law claim relies heavily upon *Mississippi Commission on Judicial Performance v. Darby*, 143 So. 3d 564 (Miss. 2014). In that case, the Commission recommended that Judge Leigh Ann Darby "be removed from office, prohibited from holding judicial office in the future, and assessed costs of $200." *Id.* at 565. Judge Darby agreed with that sanction, *id.* at

567, but the Mississippi Supreme Court was not sure it could impose every part of that punishment:

> The jointly recommended sanction requires us to recognize the limits of our constitutionally vested powers in these matters. Included in the recommended sanctions, agreed to by Judge Darby, is that she be "prohibited from holding judicial office in the future." Our constitution does not expressly empower this Court to order such a prohibition.

*Id.* at 568. Left unsaid was whether the court had the *implicit* authority to bar removed judges from holding judicial office again. The court then added this footnote:

> We ordered that the parties file supplemental briefs addressing this Court's authority to prohibit a removed judge from holding judicial office in the future. In its supplemental brief, the Commission acknowledged that this Court lacks the constitutional authority to impose such a sanction, but requested that we note that the Legislature has provided that a removed judge is "ineligible for judicial office." *See* Miss. Code Ann. § 9-19-17 (Rev. 2002).

*Id.* at 568 n.7. The Mississippi Supreme Court ultimately removed Judge Darby from office, fined her $1,000, and assessed her $200 in costs. *Id.* at 570. And, most notably, it declined to declare that she was ineligible for judicial office.[1]

Justice Dickinson concurred. Although he did not find footnote seven inaccurate, he did think "that including the statute's citation in our opinion—without any analysis or comment—could be misleading." *Id.* at 571 (Dickinson, J., concurring). He continued,

---

[1] A review of cases where judges have been removed has revealed only one in which the Mississippi Supreme Court declared the removed judge ineligible to again hold judicial office. *See Mississippi Comm'n on Judicial Performance v. DeLaughter*, 29 So. 3d 750, 755-56 (Miss. 2010); *Mississippi Comm'n on Judicial Performance v. Osborne*, 16 So. 3d 16, 25 (Miss. 2009); *Mississippi Comm'n on Judicial Performance v. Willard*, 788 So. 2d 736 (2001); *Mississippi Comm'n on Judicial Performance v. Spencer*, 725 So. 2d 171 (Miss. 1998); *Mississippi Comm'n on Judicial Performance v. Jenkins*, 725 So. 2d 162 (Miss. 1998); *Mississippi Comm'n on Judicial Performance v. Dodds*, 680 So. 2d 180 (Miss. 1996); *Mississippi Comm'n on Judicial Performance v. Milling*, 651 So. 2d 531 (Miss. 1995); *Mississippi Comm'n on Judicial Performance v. Chinn*, 611 So. 2d 849 (Miss. 1992); *Mississippi Judicial Performance Comm'n v. Hopkins*, 590 So. 2d 857 (Miss. 1991); *Mississippi Judicial Performance Comm'n v. Coleman*, 553 So. 2d 513 (Miss. 1989); *In re Hearn*, 542 So. 2d 601 (Miss. 1989); *In re Collins*, 524 So. 2d 553, 557 (Miss. 1987); *In re Anderson*, 412 So. 2d 743 (Miss. 1982). *But see In re Maples*, 611 So. 2d 211, 212 (Miss. 1992) (adopting the agreed recommendation of the judge and the Commission wherein the judge agreed "that he will not serve in a judicial office, file to run for future judicial office, or file a certificate with the Supreme Court for designation as a senior Judge," resulting in court "entering an Order of Removal from judicial office with all the *consequences* provided by Section 177A of the Mississippi Constitution of 1890 and the *laws* of Mississippi.") (emphasis added).

> I write this special concurrence to point out that including the statute's citation at the Commission's request in no way adjudicates the constitutionality of the statute, nor does it address whether the Legislature has any authority to disqualify or prohibit a person who meets constitutional qualifications for a judicial office from running for that office. That issue has never been raised or decided in any case in this state, including the one before us today.

*Id.*; *see also Mississippi Comm'n on Judicial Performance v. DeLaughter*, 29 So. 3d 750, 761 (Miss. 2010) ("The majority is correct that this Court is limited only by the Constitution as to available punishment for a judge, that is, we have authority to order punishment more severe than that recommended by the Mississippi Commission on Judicial Performance, so long as the punishment we order is listed in Section 177A of the Constitution.") (Dickinson, J., dissenting).

The Mississippi Supreme Court has not since had an opportunity to consider the constitutionality of § 9-19-17.

Despite the unresolved question posed in *Darby*, the State argues that the Eleventh Amendment to the United States Constitution renders it immune on this claim in federal court. The Court agrees.

> The Eleventh Amendment bars private citizens from bringing suit against a state in federal court, unless the suit falls within the narrow exception articulated by the Supreme Court in *Ex Parte Young*. The *Young* exception . . . strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law. However, since state law claims do not implicate federal rights or federal supremacy concerns, the *Young* exception does not apply to *state* law claims brought against the state.

*McKinley v. Abbott*, 643 F.3d 403, 405-06 (5th Cir. 2011) (citations omitted); *see also Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1639 (2011). In other words, "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Hernandez v. Texas Dep't of Human Servs.*, 91 F. App'x 934, 935 (5th Cir. 2004).

The plaintiffs responded to the argument by amending their complaint to add an individual-capacity claim against the Attorney General, a defendant who initially was sued only in his official capacity. *Compare* Docket No. 1, *with* Docket No. 10. As *McKinley* makes clear, however, the problem is that the *Ex Parte Young* exception does not apply to state law claims. The addition of the individual-capacity claim was of no moment. *See, e.g.*, *Meza v. Livingston*, No. 09-50367, 2010 WL 6511727, at *16 (5th Cir. Oct. 19, 2010) ("Under *Ex Parte Young,* a state official may be sued in his official capacity for injunctive relief without violating the Eleventh Amendment.").

The plaintiffs nevertheless argue that this Court may hear their state law claim under *Young v. Hosemann*, 598 F.3d 184 (5th Cir. 2010). In that case, though, State officials attempted (unsuccessfully) to secure Eleventh Amendment immunity on the plaintiffs' *federal* claims. *Id.* at 189. The State's apparent failure to properly secure dismissal of the state law claim in that case is no barrier to the State's correct invocation of Eleventh Amendment immunity here. The state courts are the appropriate forum to determine whether § 9-19-17 violates the Mississippi Constitution.

### III. Conclusion

The plaintiffs' motion is denied and their state law claim is dismissed without prejudice to its timely refiling in a state court of competent jurisdiction. A Rule 54(b) Final Judgment on the state law claim will issue this day. The parties are instructed to contact the Magistrate Judge within 14 days for purposes of entering a Case Management Order.

**SO ORDERED**, this the 9th day of September, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE